# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| REBECCA S. FRAZIER ) | |
| ) | Bankruptcy No. 17-01314 |
| Debtor. ) | |

## RULING ON MOTION TO SET ASIDE DISCHARGE AND RECONVERT FROM CHAPTER 7 TO CHAPTER 13

This matter came before the Court at a telephonic hearing. Derek Hong appeared for the Debtor Rebecca Frazier ("Debtor"). Eric W. Lam appeared for the Trustee ("Chapter 7 Trustee"). Debtor filed a Motion to Set Aside Discharge and Reconvert the case from Chapter 7 to a Chapter 13. Debtor previously exercised her right to convert from a Chapter 13 to a Chapter 7 under 11 U.S.C. § 1307. Now, Debtor brings this Motion to Set Aside Discharge, and seeks leave of the Court to reconvert to a Chapter 13.

## STATEMENT OF THE CASE

Debtor originally filed a Chapter 13 petition on October 12, 2017. On August 16, 2018, Debtor converted her case from a Chapter 13 to a Chapter 7. On November 16, 2018, the Court granted and ordered a discharge under 11 U.S.C. § 727. On March 21, 2019, Debtor filed this Motion to Set Aside Discharge and Reconvert to Chapter 13. Debtor would like to pay back all the general unsecured claims in full in Chapter 13.

The Chapter 7 Trustee opposes reconversion because of the lack of feasibility of the Debtor's plan of reorganization. Previously, Debtor was unable to show her ability to successfully complete a Chapter 13 plan. Debtor's monthly net income was insufficient to make the monthly payments under the proposed plan. Debtor's situation appears to have changed and she wishes to pay her general unsecured claims, which have been estimated at approximately $3,102.00. Both Debtor and the Chapter 7 Trustee agree that this decision lies within the discretionary power of the court. For the reasons that follow, the Court uses that discretion and allows Debtor to reconvert to a Chapter 13 conditioned on Debtor filing a feasible plan.

## FACTUAL BACKGROUND

The facts, as stated above, are largely undisputed. Debtor's situation has changed, and she now asserts her ability to pay all creditors in full under a Chapter 13 plan. The Chapter 7 Trustee emphasizes the undisputed fact that Debtor previously failed to finish her original Chapter 13 plan.

## CONCLUSIONS OF LAW AND DISCUSSION

The Court must decide whether the Bankruptcy Code allows reconversion from a Chapter 7 to a Chapter 13 when the Debtor has previously converted from a Chapter 13. Conversion of cases from Chapter 7 to another chapter is addressed in 11 U.S.C. § 706, which provides:

(a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been previously converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert under this subsection is unenforceable.

(b) On request of a party in interest and after notice and hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time.

(c) The court may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the debtor requests or consents to such conversion.

(d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

11 U.S.C. §706.

Reconversion to Chapter 13 is arguably prohibited by the plain language of 11 U.S.C. § 706(a). Some courts have interpreted § 706(a) as providing a strict prohibition on reconversion from Chapter 7 to Chapter 13, if the debtor has previously converted under § 1307. In re Hanna, 100 B.R. 591 (Bankr. M.D. Fla. 1989); In re Carter, 84 B.R. 744, 748 (D.Kan. 1988); In re Vitti, 132 B.R. 229 (Bankr. D.Conn. 1991); In re Banks, 252 B.R. 399, 403 (Bankr. E.D. Mich. 2000). This conclusion necessarily follows, however, only if § 706(a) is interpreted without considering subsections (c) and (d) of § 706. Courts considering other sections primarily § 706(b) have found that reading § 706(a) as providing an absolute prohibition to reconversion is not appropriate. See, e.g., In re Hollar, 70

3

B.R. 337 (Bankr. E.D.Tenn. 1987); In re Walker, 77 B.R. 803 (Bankr. D. Nev. 1987); In re Anderson, 354 B.R. 766 (Bankr. D.S.C. 2006); In re Johnson, 376 B.R. 763 (Bankr. D.N.M. 2007).

This Court finds that the better authority for this case provides when § 706(a) and § 706(b) are read in conjunction, it logically follows that courts have discretion to permit a reconversion to Chapter 13 despite the apparent prohibition found in § 706(a).  In re Dahl, No. 14-60024, 2016 WL 104975, at *3 (Bankr. D. Minn. 2016) (providing an excellent summary of the law and applying discretionary approval).  Permitting reconversion is the more rational interpretation as it does not render other subsections of § 706 superfluous.  One court further noted:

> [to read § 706] in its entirety and any decision relative to conversion under subsection (b) or (c) is left to the sound discretion of the court based on what most inures to the benefit of all parties in interest.  This is borne out of the legislative history which states that the grant of the request lies within the sound discretion of the court.

See In re Sensibaugh, 9 B.R. 45, 46 (Bankr. E.D. Va. 1981).  Thus, a debtor may convert to Chapter 13 "after notice and a hearing."  Id. at 46.  Other courts have applied the same or similar analysis.  See also In re Povah, 455 B.R. 328, 341 (Bankr. D. Mass. 2011); In re Johnson, 376 B.R. 763 (Bankr. D. N.M. 2007); In re Anderson, 354 B.R. 766 (Bankr. D. S.C. 2006); In re Masterson, 141 B.R. 84 (Bankr. E.D. Pa. 1992); In re Hollar, 70 B.R. 337 (Bankr. E.D. Tenn. 1987).

The Eighth Circuit has addressed a similar issue and concluded: "§ 706(a) does not co-opt the clear grant of authority that the plain language of § 707(b)(1) provides to bankruptcy courts." Advanced Control Sols., Inc. v. Justice, 639 F.3d 838, 840 (8th Cir. 2011). While Advanced Control Solutions addressed the interaction between § 707(b)(1) and § 706(a)—and not § 706(a) and § 706(b)—it did uphold a bankruptcy court's order allowing the debtor to reconvert back to Chapter 13 after he previously had converted his original Chapter 13 case to one under Chapter 7. Id. at 840. Advanced Control Solutions, while not specifically addressing this issue, does stand for the proposition that § 706(a) does not entirely eliminate a debtor's option to reconvert to Chapter 13. It leaves the question to the discretion of the court to grant reconversion under appropriate circumstances.

Because the Eighth Circuit has provided a rule consistent with the courts finding that § 706(b) sufficiently modifies § 706(a), and allows for the possibility of reconversion, this Court applies those cases here. As Judge Ridgway noted in Dahl, a particularly good summary of the principles guiding a court's discretion on this matter is Povah, 455 B.R. at 328. That case notes Debtor's circumstances must be closely examined and the "debtor also must establish both good faith and the feasibility of any plan of reorganization." Id. at 341. Here, for the Motion to Set Aside and Reconvert to Chapter 13 to be granted, the debtor must establish his

5

or her good faith and the feasibility of his or her new plan of reorganization under Chapter 13.

Here, Debtor contends that her Motion to Set Aside the Discharge and Reconvert to Chapter 13 should granted because it is for the benefit of her creditors and creditors are not harmed by the reconversion to a Chapter 13.  Debtor contends that her unsecured creditors will benefit from this reconversion as "[she] inten[ds], upon reconversion, to propose a modified plan that is feasible and [she] will pay all the general unsecured claims in full (100% plan)." (Debtor's Resp. to Trustee's Supplemental Resp. to Debtor's Mot. Set Aside and Reconvert Ch. 7 to Ch. 13, Mar. 29, 2019, ECF No.  87, at 2).

Debtor unequivocally states her desire to pay all her unsecured general creditors through a confirmed plan because in Chapter 7 "unsecured claimants will likely receive no dividend as the [Chapter 7] Trustee's liquidation fees and attorney's fees would likely consume all of the Debtor's non-exempt bankruptcy estate, leaving no assets available to be distributed to unsecured creditors." Id. at 3. Debtor concedes that the original confirmed plan, filed on October 12, 2017 (Docket No. 2), setting out monthly payments of $775.00 was too high given the reduction on her income as she is retired.  Debtor plans to propose a plan that is within her financial means and contends that her desire to pay her creditors justifies setting aside the Chapter 7 discharge and reconversion to Chapter 13.

These statements and arguments all sound in good faith and seem to indicate Debtor can set out a feasible plan.  The Chapter 7 Trustee does not argue lack of good faith here.  The Chapter 7 Trustee argues, however, that the only plan Debtor ever actually submitted plan to the Court—the previous Chapter 13 plan—is not feasible.  The previously submitted plan under Chapter 13 was not completed.  On October 1, 2018, Debtor submitted an updated copy of her summary of assets and liabilities, which showed that Debtor then had a discretionary income of approximately $465.00 a month.  Based on these numbers, it was readily apparent that Debtor could not make monthly payments of $775.00.

Debtor has now expressed her intention to submit a feasible plan to pay all her unsecured creditors in full and has asserted real change of circumstances that would allow her to do so.  The feasibility of the reorganization plan cannot be fully evaluated at this time because Debtor has not actually submitted a new Chapter 13 plan that shows how payment in full will actually be accomplished.  The Court will thus, conditionally grant Debtor's Motion to Set Aside Discharge and Reconvert.  This conditional approval of Debtor's motions is contingent on Debtor submitting a feasible plan in the next 14 days.

## CONCLUSION

The Court thus concludes that Debtor's Motion to Set Aside Chapter 7 Discharge and Reconvert to Chapter 13 will be granted conditioned on Debtor

submitting a feasible Chapter 13 plan. Debtor has 14 days to provide such a plan to the Chapter 7 Trustee. The Chapter 7 Trustee has 7 days to review the new plan and determine feasibility. If the Chapter 7 Trustee provides no feasibility objection to the new proposed plan, Debtor will present a proposed order granting the motions and Debtor will also immediately file the new plan in the Chapter 13 proceeding. If the Chapter 7 Trustee objects and seeks to contest feasibility, however, the Chapter 7 Trustee shall so inform Debtor—and the parties will jointly contact the Court to set a status conference to select a date for the hearing on feasibility necessary to fully adjudicate this case.

**SO ORDERED.**

Dated and Entered:

September 26, 2019

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE